FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 11 2020 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

---

ILDAR GIMADIEV

        Plaintiff,

v.

ALEX M. AZAR, II, Secretary, United States Department of Health and Human Services; ROBERT R. REDFIELD, MD, Director, Centers For Disease, Control and Prevention; MARTIN S. CETRON, MD, Director, Division of Global Migration and Quarantine, National Center for Emerging and Zoonotic Infectious Diseases, Centers for Disease Control and Prevention; CLIVE M. BROWN, MBBS, MPH, MSc, DTM&H (London), Chief, Quarantine and Border Health Services Branch, Division of Global Migration and Quarantine, National Center for Emerging and Zoonotic Infectious Diseases, Centers for Disease Control and Prevention; STEPHANIE MICHEL, Quarantine Officer, Quarantine and Border Health Services Branch, Division of Global Migration and Quarantine, National Center for Emerging And Zoonotic Infectious Diseases, Centers for Disease Control and Prevention, and U.S CUSTOMS AND BORDER PROTECTION,

        Defendants.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**CV-20 4248**

BLOCK, J.

MANN, CH. M.J.

SEPTEMBER 11, 2020

---

COMES NOW, plaintiff Ildar Gimadiev and files his Complaint against ALEX M. AZAR, II, Secretary, United States Department of Health and Human Services;

ROBERT R. REDFIELD, MD, Director, Centers For Disease, Control and Prevention;

1

MARTIN S. CETRON, MD, Director, Division of Global Migration and Quarantine, National Center for Emerging and Zoonotic Infectious Diseases, Centers for Disease Control and Prevention; CLIVE M. BROWN, MBBS, MPH, MSc, DTM&H (London), Chief, Quarantine and Border Health Services Branch, Division of Global Migration and Quarantine, National Center for Emerging and Zoonotic Infectious Diseases, Centers for Disease Control and Prevention; STEPHANIE MICHEL, Quarantine Officer, Quarantine and Border Health Services Branch, Division of Global Migration and Quarantine, National Center for Emerging And Zoonotic Infectious Diseases, Centers for Disease Control and Prevention.

## PRELIMINARY STATEMENT

1. This is an action for declaratory judgment and injunctive relief pursuant to 28 U.S.C.A. §§ 2201 and 2202 and is brought for the purpose of determining a question of actual controversy between the parties as more fully appears below, in violation of plaintiff's rights under the Fourth and Fourteenth Amendment to the United States Constitution.

2. Plaintiff seeks a declaratory judgment that the defendants' action in denying entry of plaintiff's eleven dogs is illegal, null and void, and of no effect and defendants be temporarily and permanently enjoined from denying entry to plaintiff's dogs on the basis of the proceedings complained of herein.

3. Plaintiff is a resident of the City of New York and likely to bring dogs into the United States through JFK Airport in the future. Additionally, since the beginning of the COVID pandemic, the CDC has refused entry of dogs at JFK Airport and exported

them on the same basis as its denial of plaintiff's dogs, that being perceived errors in paperwork. Accordingly, there is a credible threat of future denials of entry of dogs pursuant to defendants' enforcement of 28 C.F.R. § 71.51 and thus plaintiff's claim is one that is distinctly 'capable of repetition, yet evading review.'[1]

## JURISDICTION AND VENUE

4. This Court has jurisdiction over plaintiffs' claims for declaratory relief by virtue of 5 U.S.C. § 704, 28 U.S.C. §§ 1331 and 2201(a).and 28 U.S.C. § 2412.

5. Venue is conferred pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391(e)(1)(B), as the events giving rise to this action occurred in the Eastern District of New York.

## PARTIES

6. Plaintiff, Ildar Gimadiev, is a citizen of the United States, and resides at 98-40 57th Avenue, Apt. 14E, Corona, County of Queens, City and State of New York and is the owner of eleven (11) dogs which were denied entry to the United States by the defendants.

7. Defendant, Alex M. Azar II (hereinafter Azar), is the Secretary of the United States Department of Health and Human Services, and, as such, is the official charged with oversight of the Centers for Disease Control and Prevention. Defendant maintains his offices as Secretary in the District of Columbia.

8. Defendant, Robert R. Redfield, MD (hereinafter Redfield), is the Director of the Centers for Disease Control and Prevention, a subdivision of the United States

---

[1] *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854 (1975).

Department of Health and Human Services, and, as such, is the official charged with oversight of the Division of Global Migration and Quarantine, National Center for Emerging and Zoonotic Infectious Diseases. Defendant maintains his offices as Director in Atlanta, GA.

9. Defendant, Martin S. Cetron, MD (hereinafter Cetron), is the Director of the Division of Global Migration and Quarantine, National Center for Emerging and Zoonotic Infectious Diseases, a subdivision of the Centers for Disease Control and Prevention, and, as such, is the official charged with oversight of the Quarantine and Border Health Services Branch, a subdivision of the Division of Global Migration and Quarantine, National Center for Emerging and Zoonotic Infectious Diseases, and, as such, is the official charged with oversight of the Quarantine and Border Health Services Branch, and the individual responsible for the denial of the appeal filed by plaintiff on September 9, 2020 regarding the Denial of Entry issued by defendant Clive M. Brown on September 9, 2020. Defendant maintains his offices as Director in Atlanta, GA.

10. Defendant, Clive M. Brown, MBBS, MPH, MSc, DTM&H (London) (hereinafter Brown), is the Chief of the Quarantine and Border Health Services Branch, a subdivision of the Division of Global Migration and Quarantine, National Center for Emerging and Zoonotic Infectious Diseases, and, as such, is the official charged with oversight of the Quarantine Officers employed by the Quarantine and Border Health Services Branch and the individual responsible for issuing the Denial of Entry for the Plaintiff's dogs on September 9, 2020, based upon the seizure of defendant's dogs by defendant Stephanie Michel on September 8, 2020. Defendant maintains

his offices as Chief in Atlanta, GA.

11. Defendant, Stephanie Michel (hereinafter Michel), is a Quarantine Officer employed by the Quarantine and Border Health Services Branch, a subdivision of the Division of Global Migration and Quarantine, National Center for Emerging and Zoonotic Infectious Diseases, and, as such, is the official charged with enforcing 42 C.F.R. § 71.51 and responsible for the seizure of plaintiff's dogs. Defendant maintains her offices in Queens, NY.

12. Defendant, U. S. Customs Service, now known as the U.S. Customs and Border Protection (hereinafter Customs) is a subdivision of the U.S. Department of Homeland Security and the agency charged with detaining plaintiff's dogs pending exportation and has custody of such dogs pursuant to 42 C.F.R. § 71.51(g). Defendant maintains offices for this purpose in Queens, NY.

**FACTS**

13. On September 8, 2020 the plaintiff arrived on flight number SU102 from Moscow (SVO) to New York City (JFK) with eleven dogs, four in one soft carrier which he carried in the airplane cabin and seven dogs in separate hard carrier-crates located in the airplane luggage section.

14. Upon deplaning, plaintiff retrieved the seven dogs in hard carrier-crates before proceeding to Customs for clearance.

15. Pursuant to Customs' procedures, plaintiff first brought the four dogs all contained in the soft carrier and then brought each of the other seven dogs in their individual hard carrier-crates, one by one, from the luggage carousel to the Customs counter. As plaintiff brought each dog, he presented Customs with the veterinarian dog passport,

the rabies certificate and the entry number from the Customs broker for that dog.

16. While one Customs officers was processing and closing entries for a dog, another officer was scanning the documents for that dog for transmission to the CDC representative working remotely.

17. As the Customs officer closed the entries clearing all of the four dogs in the soft carrier and each of the first six dogs in the hard carrier-crates, the plaintiff was permitted to remove each respective dog (along with its crate) outside the restricted area of the terminal in order to be loaded into plaintiff's vehicle.

18. Plaintiff removed these ten dogs and returned to process clearing the last crated dog . At this time, a Customs officer (believed to be CBP Officer Sylvester Snell) told the plaintiff he had received a phone call from the CDC Quarantine officer (believed to be defendant Stephanie Michel) and they were seizing all of the dogs to be held pending further action by the CDC.

19. All of the dogs were then brought back to the Customs counter by the Customs officer and remanded to the custody of Customs Officer Snell.

20. Plaintiff was given a post entry paper (a copy of which is annexed hereto as Exhibit 1) and instructed to wait for an official letter from the CDC.

21. At approximately 3:45 pm the following day (September 9, 2020), plaintiff received a Denial of Entry letter signed by defendant Brown (a copy of which is annexed hereto as Exhibit 2). Immediately thereafter on September 9, 2020, plaintiff submitted an appeal of this denial with supporting documents (copies of rabies certificates with highlighted information) to the CDC in accordance with the instructions on the CDC Denial of Entry Letter (a copy of the Appeal with the

supporting documentation is annexed hereto as Exhibit 3).

22. On September 10th at 3:12 pm, plaintiff emailed a request to the CDC in Atlanta and to the CDC at JFK airport requesting a stay of removal for the 11 dogs. The CDC never responded to the request other than an automated acknowledgment of plaintiff's request.

23. Thereafter on September 10th at 4:55 pm, plaintiff received an email from the CDC in Atlanta containing a denial of appeal letter signed by defendant Cetron. (a copy of which is annexed hereto as Exhibit 4).

## CLAIMS FOR RELIEF

24. "[T]he touchstone of due process is protection of the individual against arbitrary action of government." *County of Sacramento v. Lewis*, 523 U.S. 833, 845, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 558, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)).

"Where, as here, there are no standards governing the exercise of the discretion granted by the ordinance, the scheme permits and encourages an arbitrary and discriminatory enforcement of the law. It furnishes a convenient tool for 'harsh and discriminatory enforcement by local prosecuting officials, against particular groups deemed to merit their displeasure.' Thornhill v. Alabama, 310 U.S. 88, 97,98, 60 S.Ct. 736, 742, 84 L.Ed. 1093.

### Injunctive Relief

25. Defendants' enforcement of 42 C.F.R. § 71.51 violates plaintiff's constitutional and civil rights because there are no standards for reviewing the required documentation

for a dog nor for implementing a denial of entry decision. This necessarily results in arbitrary and capricious decisions.

26. The decision to deny entry is merely based upon a CDC agent's conjecture and gut feelings concerning the veracity or legitimacy of rabies certificates and other required documentation concerning a dog seeking entry.

27. In issuing the decision denying entry, the defendants did not provide any specific objections supporting their decision to which defendant could provide a remedy, refute them or provide proof the decision lacks merit. The denial letter plaintiff received dated September 8, 2020 stated the reasons for the denial of entry for all of plaintiff's dogs was that "documentation contains information that is inaccurate, unverifiable, or is missing information" and "rabies vaccination certificate (singular) was not provided (emphasis added) (See Exhibit 2).

28. Based on the foregoing, plaintiff was unable to identify any demonstrative objections and therefore unable to appeal the decision in any meaningful manner.

29. Moreover, the process did not provide plaintiff an opportunity for a hearing at a meaningful time to refute the defendants' assumptions which were based upon the agent's conjecture as to their validity and not upon facts. This establishes that the process of enforcement by the CDC is illusory and its decision could only be based on erroneous and unproven assumptions.

30. If not enjoined by this Court, defendant and its agents, representatives and employees will subject plaintiff to an illegal deprivation of his dogs, who will be exported to Russia and likely face death upon their return.

31. This course of conduct has caused, and will continue to cause, plaintiff to suffer real and immediate threat of irreparable injury, as a result of the existence, operation, enforcement, and threat of enforcement of 42 C.F.R. § 71.51.

32. Immediate irreparable injury includes, but is not limited to, loss of property, companionship, support, freedom, financial loss, and emotional injury.

33. Defendants are acting and threatening to act under color of state law to deprive plaintiff of his constitutional rights.

34. Plaintiff has no plain, speedy and adequate remedy at law for such an injury.

35. The challenged enforcement of 42 C.F.R. § 71.51 violates the protections of the Fourth and Fourteenth Amendments of the Constitution.

36. Accordingly, injunctive relief is appropriate.

### Declaratory Relief

37. Plaintiff incorporates and realleges each and every allegation contained in the preceding paragraphs of this Complaint.

38. An actual and immediate controversy exists between plaintiff and defendants as to their respective legal rights and duties.

39. Plaintiff contends the challenged enforcement of     is unconstitutional because it altogether fails to provide for a procedure which comports with the requirements of due process.

40. The challenged enforcement of the law violates the due process protections of the Fourteenth Amendment of the U.S. Constitution and the mandates of the Fourth Amendment as well.

9

41. Plaintiff's dogs have been seized, and their imminent exportation to Russia will likely result in their deaths. Defendant Cetron is not an independent arbiter of this controversy as he issued the final decision in this matter and is the superior ranking official over defendants Brown and Michel, who originally determined and issued the decision to deny entry.

42. Without a meaningful review by an independent arbiter and without providing plaintiff with a clear statement of objections to the entry of his dogs and an opportunity to either correct or supplement any perceived deficiencies or errors in the documentation provided to the CDC, results in an unconstitutional enforcement of 42 C.F.R. § 71.51.

43. This is especially so when 42 C.F.R. § 71.51(c)(2)(iii) provides an alternative means to allow dogs entering the country to enter, remain in the country and simply be confined until it is vaccinated against rabies. The section of the statute reads as follows:

> If the dog is 3 months of age or older, it may be admitted, but must be confined until it is vaccinated against rabies. The dog must be vaccinated within 4 days after arrival at destination but no more than 10 days after arrival at a U.S. port. It must be kept in confinement for at least 30 days after the date of vaccination.

44. This alternative procedure does not require that any paperwork at the time of entry be accepted and remains a reasonable solution in the instant dispute before the Court.

45. Plaintiff is therefore entitled to a declaration of rights with respect to this controversy.

46. Without such a declaration, plaintiff will be uncertain of his rights and responsibilities under the law.

47. Accordingly, declaratory relief pursuant to 28 U.S.C. § 2201 is appropriate.

## VIOLATIONS AND CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Fourteenth Amendment to the United States Constitution**

48. Paragraphs 1 through 47, inclusive, are incorporated herein under this First Cause of Action with the same force and effect as if fully set forth at length herein.

49. The process provided by the defendants violates the plaintiff's rights to procedural due process under the 14th Amendment to the U.S. Constitution by failing to provide the minimum level of process due as annunciated by the U.S,. Supreme Court in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

50. The process provided by the defendants violates the plaintiff's rights to procedural due process under the 14th Amendment to the U.S. Constitution in that it is arbitrary and capricious and fails to adequately set out the standards by which such determinations must be made, leaving the determination solely to the whim of the CDC Quarantine officer.

51. The process provided by the defendants violates the plaintiff's rights to procedural due process under the 14th Amendment to the U.S. Constitution in that the Defendants have failed to provide even minimal guidelines pertaining to the interpretation and enforcement of 42 C.F.R. § 7151.

## SECOND CAUSE OF ACTION

## Fourth Amendment to the United States Constitution

52. Paragraphs 1 through 51, inclusive, are incorporated herein under this First Cause of Action with the same force and effect as if fully set forth at length herein.

53. The seizure by the defendants of the plaintiff's dogs was unreasonable and violates the plaintiff's rights under the 4th Amendment to the U.S. Constitution in that, even were the Court to accept that there was a defect in the dog's paperwork, insofar as the dogs were not ill and exhibited no signs of infection, 42 C.F.R. § 7151(c)(3)(iii) provides a specific alternate method to permit entry of the dogs into the United States, thus obviating the necessity for the seizure and/or the exportation of the dogs.

54. In view of defendant's action, and plaintiff's contention that such action is illegal, null and void, there is an actual controversy within the jurisdiction of this court, and declaratory and injunctive relief will effectively adjudicate the rights of the parties.

55. Plaintiff has exhausted all available administrative remedies and has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff seeks the following relief:

    a. An Order enjoining and restraining the defendants from enforcing 42 C.F.R. § 7151;

b. Judgment be entered declaring that the denial of entry of plaintiff's dogs is unlawful, null and void, and of no force and effect;

c. Defendants, as well as their officers, agents, employees, attorneys, and all persons in active concert or participation with them, be permanently enjoined from denying entry to plaintiff's dogs on the basis of the proceedings complained of herein;

d. Defendants be ordered to grant entry to plaintiff's dogs forthwith, subject to the alternative entry procedures of 42 C.F.R. § 7151 (c)(3)(iii);

e. The Court award attorney's fees to the plaintiff in an amount to be determined by the Court pursuant to the mandate of 28 U.S.C.A. § 2412; and

f. Such other relief as may be equitable and just.

Dated this 11th day of September, 2020 at Huntington Station, New York.

PLAINTIFF,

By:

  /s/ Richard Bruce Rosenthal
Richard Bruce Rosenthal
Federal Bar No. RB1834
545 E. Jericho Turnpike
Huntington Station, NY 11746
(t) 631-629-8111
(c) 516-319-0816
(f) 718-793-2791
richard@thedoglawyer.com

/s/ Thompson Gould Page
Thompson Gould Page
Federal Bar No. TP5549
Thompson Gould Page, LLC
1 Linden Place, Suite 108
Hartford, CT 06106-1748
(t) 860-895-6644
(c) 860-983-7655
(f) 860-895-6672
thom@tpagelaw.com


Attorneys for Plaintiff