FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 11 2020 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ILDAR GIMADIEV | : CIVIL ACTION |
| Plaintiff, | : NO. **CV-20 4248** |
| v. | : |
| ALEX M. AZAR, II, Secretary, United States Department of Health and Human Services; ROBERT R. REDFIELD, MD, Director, Centers For Disease, Control and Prevention; MARTIN S. CETRON, MD, Director, Division of Global Migration and Quarantine, National Center for Emerging and Zoonotic Infectious Diseases, Centers for Disease Control and Prevention; CLIVE M. BROWN, MBBS, MPH, MSc, DTM&H (London), Chief, Quarantine and Border Health Services Branch, Division of Global Migration and Quarantine, National Center for Emerging and Zoonotic Infectious Diseases, Centers for Disease Control and Prevention; STEPHANIE MICHEL, Quarantine Officer, Quarantine and Border Health Services Branch, Division of Global Migration and Quarantine, National Center for Emerging And Zoonotic Infectious Diseases, Centers for Disease Control and Prevention, and U.S. CUSTOMS AND BORDER PROTECTION, | : BLOCK, J.<br><br>: MANN, CH. M.J. |
| Defendants. | : SEPTEMBER 11, 2020 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S EMERGENCY ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER**

Plaintiff, ILDAR GIMADIEV, hereby moves this Court pursuant to Federal Rule of Civil Procedure 65 for a preliminary injunction and temporary restraining order enjoining defendants from enforcing 42 C.F.R. § 71.51 with the resultant exportation of plaintiff's property, his eleven dogs, to likely death in Russia.

1

As grounds therefore, plaintiff states as follows:

## I. PRELIMINARY STATEMENT

This memorandum of law is submitted by plaintiff in support of his motion for a preliminary injunction. The facts are fully set forth in the accompanying complaint and plaintiff's declaration and will not be unnecessarily repeated at length herein.

Plaintiff has suffered immediate and irreparable injury from the wrongful and imminent acts of defendants. Unless this Court grants the requested preliminary injunction, plaintiff will continue to suffer same immediate and irreparable injury, particularly the seizure, deprivation and likely death of his dogs in Russia.

## II. NATURE OF RELIEF SOUGHT

An actual and real controversy has arisen and now exists between plaintiff and defendants relative to their respective rights and duties. Plaintiff desires a declaration that the defendants' imminent enforcement of 42 C.F.R. § 71.51 fails to meet the constitutional requirements for due process as annunciated by the U.S,. Supreme Court in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976) . A judicial declaration is necessary and appropriate at this time to enable the Court to ascertan plaintiff's rights and duties without requiring the plaintiff to suffer the loss of his dogs without adequate procedural safeguards and a respect for his rights as guaranteed by the Constitution. Unless granted the relief sought in this Complaint, plaintiff will suffer irreparable injury by the enforcement of the defendants' Denial of Entry and deportation of the plaintiff's dogs to Russia, and the dogs' likely death, for which plaintiff has no legal remedy. A real controversy exists between plaintiff and defendants regarding their respective rights and duties under the provisions of 42 C.F.R. § 71.51.

## III. FACTUAL BACKGROUND

All of the relevant facts pertaining to this litigation are set forth in detail in the Complaint. A copy of the Complaint is annexed hereto as exhibit "A".

## IV. ARGUMENT

The test for issuance of preliminary injunctive relief in the Second Circuit requires that a plaintiff show: "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Tough Traveler, Ltd. v. Outbound Products,* 60 F.3d 964, 967 (2d Cir.1995), *on remand,* 989 F.Supp. 203 (N.D.N.Y. 1997), *aff'd,* 165 F.3d 15 (2d Cir 1998), *cert. denied,* 527 U.S. 1036, 119 S.Ct. 2394 (1999); *Tellium, Inc. v. Corning Inc.,* NO. 03 CIV. 8487, 2004 WL 307238, at *3 (S.D.N.Y. Feb 13, 2004) *Warner Bros. Inc. v. Dae Rim Trading, Inc.,* 877 F.2d 1120, 1125 (2d Cir.1989). As set forth below, plaintiff has more than sufficient evidence to show he is likely to succeed on the merits of his claims, that he will suffer irreparable harm if the relief is not granted, and that the balance of the hardships tips sharply in his favor.

Accordingly, plaintiff asks this Court to grant his plea for preliminary injunction.

"When a district court is asked to issue a preliminary injunction, it ... balances four factors ...: (1) the likelihood that the party seeking the preliminary injunction will succeed on the merits of the claim; (2) whether the party seeking the injunction will suffer irreparable harm without the grant of the extraordinary relief; (3) the probability that granting the injunction will cause substantial harm to others; and (4) whether the

public interest is advanced by the issuance of the injunction." *Vittitow v. City of Upper Arlington*, 43 F.3d 1100, 1108-09 (6th Cir. 1995). See also *Workman v. Bredesen*, 486 F.3d 896 (6th Cir. 2007) (same). See FED. R. CIV. PRO. 65(a).

"To seek injunctive relief, a plaintiff must show that she is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009), citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180-81 (2000).

Plaintiff can demonstrate an injury-in-fact, as the defendants have seized plaintiff's dogs and intend to transport them out of the country to their probable death without providing the minimum process due under the 14th Amendment of the Constitution

### Plaintiffs' Likelihood of Success on the Merits

Enforcement of the deportation decision has a severe and immediate impact on the constitutional rights of the plaintiff in multiple ways vis-à-vis plaintiffs' Complaint.

### Defendants' enforcement of 42 CFR 7151 Fails to Give Fair Warning

Defendants' enforcement of 42 C.F.R. § 71.51 is void for vagueness in violation of the Fourteenth Amendment to the United States Constitution's due process protections for failing to give a person fair notice of the conduct proscribed.[1]

---

[1] *United States v. Harris* (1954), 347 U.S. 612, 617, 74 S.Ct. 808, 812; See also, City of Mesquite v. Aladdin's Castle, Inc., 102 S.Ct. 1070, 455 U.S. 283, 289-90, n.12 (1982), quoting *Papachristou v. City of Jacksonville*, 405 U.S. 156, 162,

It is impossible however, to determine from 42 C.F.R. § 71.51, what conduct creates a violation of the requirements thereof. If a Rule "fail[s] to specify what conduct is prohibited," the rule will be struck down "as unconstitutionally vague on its face."[2] "A statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential [element] of due process of law."[3] "If a law does not "give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly," notice is lacking and the ordinance is unconstitutionally vague."[4] "'No one may be required at peril of life, liberty or property to speculate as to the meaning of penal statutes. All are entitled to be informed as to what the State commands or forbids.'"[5] Rules must give fair notice that the contemplated activity in question is forbidden, and "[t]he underlying principle is that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed."[6] Likewise, rules must also give fair notice that contemplated activity is required.

Defendants' enforcement of 42 C.F.R. § 71.51 is unconstitutional because a plain reading of the Rule does not put plaintiff and others who import dogs into the United States on adequate notice of the prohibited conduct. A person of common intelligence would not have known from the Denial of Entry what specific conduct must be

---

[2] *Coates v. Cincinnati*, 402 U.S. 611, 612 (1971).
[3] *Connally v. General Constr. Co.*, 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926).
[4] See *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972); see also *Bouie v. City of Columbia*, 378 U.S. 347, 350 (1964).
[5] *Cramp v. Bd. of Pub. Instruction*, 368 U.S. 278, 287, 82 S.Ct. 275, 7 L.Ed.2d 285 (1961), quoting *Lanzetta v. New Jersey*, 306 U.S. 451, 453, 59 S.Ct. 618, 83 L.Ed. 888 (1939).
[6] *United States v. Harris* (1954), 347 U.S. 612, 617, 74 S.Ct. 808, 812, 98 L.Ed. 989, 996.

committed before violating the Rule. The Defendants' enforcement of 42 C.F.R. § 71.51 is unconstitutionally vague on its face because it encourages arbitrary enforcement by failing to describe with sufficient particularity what a person must do in order to satisfy the Rule nor is there any adequate opportunity to be heard before a neutral arbiter to dispute the defendants' arbitrary determination.   This violates plaintiffs' rights to due process under the Fourteenth Amendment to the United States Constitution.

### A. There is No Adequate Remedy at Law and Plaintiff Will Suffer Irreparable Harm if the Requested Relief is not Granted

In addition to establishing a likelihood of success on the merits of his claim, plaintiff can establish he lacks an adequate remedy at law and will suffer irreparable harm in the absence of a temporary restraining order.  Plaintiff will suffer immediate violation of his constitutional rights if the defendants are not restrained from enforcing the Denial of Entry and are permitted to export the plaintiff's dogs to Russia (with their almost certain resultant death) during the pendency of this action and prior to an opportunity to vindicate plaintiff's rights herein.  This deprivation of constitutional rights constitutes irreparable injury.  See *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012), quoting *Elrod v. Burns*, 427 U.S. 347, 373, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976).

The Defendants' enforcement of 42 C.F.R. § 71.51 under which the plaintiff is being deprived of his dogs, and under which the there is a credible threat of total loss and destruction of his property (the dogs), is "flagrantly and patently violative of express constitutional prohibitions"  See *Mitchum v. Foster*, 407 U.S. 225, 231 (1972). Additionally, the Defendants' enforcement of 42 C.F.R. § 71.51 shows bad faith, harassment, or other unusual circumstances that would call for equitable relief,

especially when 28 C.F.R. §71.51 (c)(2)(iii) provides an alternative procedure for the dogs to remain in the country while they are vaccinated and then allowed full entry and reunification with plaintiff. The threat of erroneous deprivation, as it appears at the preliminary injunction stage, is concrete and particularized, not "conjectural or hypothetical."

The threat of deprivation of property or liberty and process in violation of the Fourteenth Amendment constitutes an immediate irreparable injury appropriate for redress by a preliminary injunction. No monetary remedy will adequately compensate plaintiff for the defendants' unlawful conduct.

Without injunctive relief, plaintiff will suffer irreparable harm as a result of the defendants' actions, including the deprivation of his property, the death of his dogs, and the loss of liberty rights under the Fourteenth Amendment.

### B. The Balance of Harms Weighs Strongly in Favor of Granting Plaintiff the Relief Requested.

There is no evidence that the public interest will be harmed if the Court grants temporary injunctive relief.

First, the public has a powerful interest in protecting constitutional rights that is well served by granting injunctive relief here. *See Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 579 (6th Cir. 2002) ("the public clearly has interest in vindicating constitutional right.").

Secondly, there is no reason to believe there is any risk to public safety by barring the exportation of the plaintiff's dogs to Russia during the pendency of this

action, whereas there is every reason to believe that the exportation of the dogs to Russia will result in their needless and wrongful suffering and death.

### C. Plaintiff Has Given as Much Notice to the Defendants as Reasonably Necessary.

A motion for temporary restraining order may be granted without notice of any kind to the defendants. See Fed. R. Civ. P. 65. The Rule requires, however, that counsel advise the Court of what notice was attempted. Plaintiffs are making service of the Complaint and all annexed pleadings and documents via email to the defendants.

### D. No Security is Required

Rule 65(c) states that "[n]o restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party found to have been wrongfully enjoined or restrained." FED. R. CIV. P. 65(c). As noted by one well recognized authority, however, "the court may dispense with security altogether if grant of the injunction carries no risk of monetary loss to the defendant." C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2954. The Sixth Circuit has observed that security is not mandatory under Rule 65(c), and can be dispensed with in the discretion of the court. See *Moltan Co. v. Eagle-Picher Industries, Inc.*, 55 F.3d 1171, 1176 (6th Cir. 1995). Because defendants will suffer no harm, economic or otherwise, no security should be required. Additionally, the Court should note that 42 C.F.R. § 71.51(c)(2)(iii) specifically provides an alternate method of compliance that requires the defendants to return the dogs to plaintiff under quarantine

to be (re)vaccinated within 4 days of release, thus clearly demonstrating the intent not to seize, export or destroy dogs who show no signs of being infected.

### E. Public Benefit

Preliminary relief will benefit the public because it will insure persons who import dogs into the United States will be able to be secure they will not be denied their rights under the 4th and 14th Amendments to the Constitution by the Defendants' enforcement of 42 C.F.R. § 71.51 for which there are (admittedly) no standards, rules, regulations, practices and procedures for the enforcement thereof, and, because the "as applied" challenge, if sustained, must, as a matter of law, apply to every instance wherein the defendants' enforce 42 C.F.R. § 7151 without regard to the Constitution, thus by definition, making it unconstitutional on its face.

### E. Conclusion

For the foregoing reasons, plaintiff respectfully moves the Court to issue a preliminary injunction against defendants preventing them from enforcing 42 C.F.R. § 71.51in an arbitrary and capricious manner and from enforcing the Denial of Entry issued by defendants Michel & Brown on September 8, 2020 regarding eleven dogs imported by plaintiff and barring the U.S. Customs Service from exporting the eleven dogs to Russia during the pendency of this action and issuing an order in the nature of mandamus requiring the defendant Cetron to authorize admission of the dogs pursuant to 42 C.F.R. § 71.51(c)(2) under the conditions set forth therefore in 42 C.F.R. § 71.51(c)(2)(iii) .

Respectfully submitted,

/s/ Richard Rosenthal
RICHARD BRUCE ROSENTHAL
Federal Bar No. rb1834
120-82 Queens Blvd.
Kew Gardens, NY 11415
Phone: 718-261-0200
Fax: 718-793-2791
Email: richard@thedoglawyer.com

/s/Thompson Gould Page
THOMPSON GOULD PAGE
Federal Bar No. TP5549
Law Offices of Thompson Gould Page, LLC
1 Linden Place, Suite 108
Hartford, CT 06106
Phone: 860-895-6644
Fax: 860-895-6672
Email: thom@tpagelaw.com

Attorneys for Plaintiffs