## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  SEP 11 2020  ★

LONG ISLAND OFFICE

**Ildar Gimadiev**,

                Plaintiff

v.

**Alex M. Azar II**, Secretary, United States Department of Health and Human Services; **Robert R. Redfield, MD**, Director, Centers for Disease Control and Prevention; **Martin S. Cetron, MD**, Director, Division of Global Migration and Quarantine , National Center for Emerging and Zoonotic Infectious Diseases, Centers for Disease Control and Prevention; **Clive M. Brown**, MBBS, MPH, MSc, DTM&H (London), Chief, Quarantine and Border Health Services Branch, Division of Global Migration and Quarantine , National Center for Emerging and Zoonotic Infectious Diseases, Centers for Disease Control and Prevention; **Stephanie Michel**, Quarantine Officer, Quarantine and Border Health Services Branch, Division of Global Migration and Quarantine , National Center for Emerging and Zoonotic Infectious Diseases, Centers for Disease Control and Prevention; U. S. Customs Service

                Defendants.

CIVIL ACTION

NO.

# CV-20 4248

**BLOCK, J.**

**MANN, CH. M.J.**

SEPTEMBER 11, 2020

---

## PLAINTIFF'S DECLARATION IN SUPPORT OF ORDER TO SHOW CAUSE

State of New York:

        ss.:

County of Suffolk:

Ildar Gimadiev, being duly sworn deposes and says:

1.    I am the plaintiff in this action and I am fully familiar with the facts and circumstances of

    this action.

2.      This declaration is submitted in support of plaintiff's motion for a Temporary

        Restraining Order and a Preliminary & Permanent Injunction.

3.      On September 8, 2020 I arrived on flight SU102 from Moscow (SVO) to New York City

        (JFK) with 11 dogs 4 in one soft carrier which I carried in the cabin and 7 dogs in

        separate hard carrier-crates in the luggage section of the airplane.

4.      Upon deplaning I retrieved the 7 dogs in hard carrier-crates so I could go to Customs

        for clearance

5.      Pursuant to their procedures, I first brought the 4 dogs which were all in the soft carrier

        and then brought each of other the 7 dogs which were in the hard carrier-crates, one

        by one, from the luggage carousel to the Customs counter. As I brought each dog I

        presented the veterinarian dog passport, the rabies certificate and entry number from

        the Customs broker for that dog.

6.      While one of the Customs officers was closing entries another officer was scanning the

        documents for that dog to send to the CDC representative, who was working remotely.

7.      As the Customs officer closed the entry clearing all of the 4 dogs that were all in the

        soft carrier and then each of the first 6 dogs in the hard carrier-crates through Customs

        I was permitted to remove that dog (along with its crate) outside the restricted area of

        the terminal to be loaded into my vehicle.

8.      After I had removed the 4 dogs in the soft carrier and 6 of the dogs in the hard carriers-

        crates and returned to the CBP counter to process clearing the last crated dog  a

        Customs officer (believed to be CBP Officer Sylvester Snell) told me that he had

        received a phone call from the CDC Quarantine officer (believed to be defendant

        Michel) and that they were seizing all of the dogs (the 10 dogs that had already cleared

Customs and had left the restricted area of the terminal and the 1 dog remaining to be cleared through Customs) and that the dogs would be held pending further action by the CDC

9.  All of the dogs were then brought back to the CBP counter by the CBP officer and remanded to the custody of Customs Officer Snell

10. I was given a post entry paper (a true and complete copy of which is annexed hereto as Exhibit 1) and instructed to wait for an official letter from the CDC.

11. At approximately 3:45pm the next day (September 9, 2020) I received a Denial or Entry signed by defendant Brown (a true and complete copy of which is annexed hereto as Exhibit 2) and on September 9, 2020 I submitted an appeal with supporting documents (copies of rabies certificates with highlighted information on them) to the CDC in accordance with Instructions on the CDC Denial of Entry Letter (a true and complete copy of the Appeal with the supporting documentation  is annexed hereto as Exhibit 3).

12. On September 10th at 3:12pm I emailed a request to the CDC in Atlanta and to the CDC at JFK in writing requesting a stay of removal for 11 dogs. The CDC has never responded to the request other than an automatic acknowledgment that they received my request.

13. Thereafter, on September 10th at 4:55pm I received an email from the CDC in Atlanta with denial letter signed by defendant Cetrone. (a true and complete copy of which is annexed hereto as Exhibit 4)

14. I work as a volunteer helping to match Russian dogs that are at a high risk of being killed with American adopters and as such have been and will continue to be subject to

the defendants' illegal, arbitrary and capricious and unconstitutional interpretation and enforcement of 42 C.F.R. § 7151.

15.     In the past 90 days the CDC has embarked upon a program[1] of denying entry to many dogs based upon unproven and patently false claims of technical defects and I reasonably believe, based upon their actions in this case and the prior cases that such defendants' illegal, arbitrary and capricious and unconstitutional interpretation and enforcement of 42 C.F.R. § 7151 by the defendants will continue.

16.     As the plaintiff's claims will become mute were the defendants permitted to export the dogs to be killed during the pendency of this action, plaintiff's ability to seek redress will be frustrated and the continued violation of Constitutional rights by the defendant will continue to be subject to repetition without review.

17.     For the reasons set forth in Plaintiff's moving papers, along with the accompanying memorandum of law, it is respectfully requested that the Temporary Restraining Order barring the Defendants or the U.S. Customs Service from deporting the 11 dogs to Russia during the pendency of this action be granted on an emergency basis and that upon the hearing of the motion that the Court grant a Preliminary & Permanent Injunction in the nature of prohibition to enjoin Defendants from enforcing the Denial of Entry issued by Defendants Michel & Brown on September 8, 2020 regarding the 11 dogs imported by plaintiff and issuing an order in the nature of mandamus requiring the

---

[1] I personally know of or have been involved in at least 20 similar episodes of the CDC denying access to dogs based upon perceived irregularities in rabies documentation, and the exportation and nearly certain subsequent death of these dogs. This is especially troubling as the new owners of these dogs would gladly have had a titer test (a copy of the scientific basis for such testing is annexed hereto as Exhibit 5)' performed to show that the dogs had in fact been inoculated, or, would have agreed to re-inoculate the dogs were they released into quarantine as specifically provided for under 42 C.F.R. § 7151(c)(2)(iii).

defendant Cetron to authorize admission of the dogs pursuant to 42 C.F.R. §

7151(c)(2) under the conditions set forth therefore in 42 C.F.R. § 7151(c)(2)(iii)

WHEREFORE, it is respectfully submitted that the Order to Show Cause be granted

in its entirety, together with such other relief as this Court deems just and proper.

Dated: Huntington Station, New York
      September 11, 2020

_____
              Ildar Gimadiev

Sworn to before me on this
11th day of September 2020

_____
      Notary Public

RICHARD BRUCE ROSENTHAL
Notary Public, State of New York
No. 02RO4700683
Qualified in Queens County
Commission Expires Jan. 31, 20 22