UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ILDAR GIMADIEV | : | CIVIL ACTION |
| | : | NO. 1:20-cv-04248-FB-RLM |
| Plaintiff, | : | |
| v. | : | |
| ALEX M. AZAR, II, Secretary, United States Department of Health and Human Services; ROBERT R. REDFIELD, MD, Director, Centers For Disease, Control and Prevention; MARTIN S. CETRON, MD, Director, Division of Global Migration and Quarantine, National Center for Emerging and Zoonotic Infectious Diseases, Centers for Disease Control and Prevention; CLIVE M. BROWN, MBBS, MPH, MSc, DTM&H (London), Chief, Quarantine and Border Health Services Branch, Division of Global Migration and Quarantine, National Center for Emerging and Zoonotic Infectious Diseases, Centers for Disease Control and Prevention; STEPHANIE MICHEL, Quarantine Officer, Quarantine and Border Health Services Branch, Division of Global Migration and Quarantine, National Center for Emerging And Zoonotic Infectious Diseases, Centers for Disease Control and Prevention, and U.S. CUSTOMS AND BORDER PROTECTION, | : | |
| Defendants. | : | SEPTEMBER 24, 2020 |

**PLAINTIFF'S MEMORANDUM OF LAW REGARDING THE EXCLUSIVE APPLICABILITY OF THE ADMINISTRATIVE PROCEDURES ACT**

Richard Bruce Rosenthal
545 E. Jericho Turnpike
Huntington Station, NY 11746
Tel:(631) 629-8111

Thompson Gould Page
1 Linden Place, Suite 108
Hartford, CT 06106–1748
Tel: (860) 895-6644

Attorneys for Plaintiff

**PRELIMINARY STATEMENT**

Following oral argument on September 18, 2020 concerning in large part whether the Court has the authority to hold a hearing in this matter, the Court ordered the parties to submit briefs setting forth their respective positions as to the exclusive applicability of the Administrative Procedures Act ("APA"). *See* Minute Entry and Electronic Order entered on Docket dated 9/18/2020.

**ARGUMENT**

Initially, it should be noted that Plaintiff raises two separate and distinct challenges in this action; a macro challenge under due process clause of the Fifth Amendment (which is best analogized to a facial challenge to the constitutionality of a statute), and a micro challenge to the specific agency actions giving rise to what actually occurred to the plaintiffs and their dogs (which is analogous to an unconstitutional as applied challenge). The rules governing these challenges are different for each and lead to plaintiff's position that the Court has the authority, and obligation, to hear and determine whether the defendants' actions violated plaintiff's procedural rights to due process and to fashion a proper remedy.

In *Grill v. Quinn*, No. CIV S-10-0757 GEB GGH PS, *2 (E.D. Cal. Jan. 19, 2012), the court held "the first claim is to be decided under the standards of the Administrative Procedures Act, and the second claim stands on its own as a constitutional claim independent of the strictures of the APA."; *see also Porter v. Califano*, 592 F.2d 770, 782 (5th Cir. 1979) ("Moreover, Porter would of course have a right to sue directly under the constitution to enjoin her supervisors and other federal officials from violating her constitutional rights. *See*, e. g., *Arnett v. Kennedy*, 416 U.S. 134, 94 S.Ct. 1633, 40

L.Ed.2d 15 (1974). In that case there would be no statutory reason for the court to defer to agency findings or rulings. Whether Porter sues directly under the constitution to enjoin agency action, or instead asks a federal court to "set aside" the agency actions as "contrary to [her] constitutional right[s]" under § 706(2)(B), the role of the district court is the same."); *see also Magassa v. Wolf*, No. C19-2036RSM, *25 (W.D. Wash. Sep. 16, 2020) (citing *Reno v. Catholic Social Servs., Inc.*, 113 S.Ct. 2485, 2495 (1993) ("[Statutory provision governing the review of single agency actions does not apply to challenges to 'a practice or procedure employed in making [numerous] decisions.'").

**Claims Arising Under the APA**

Regarding the claims as to the specific agency action, plaintiff concedes its challenge to defendants' initial inquiry into the documents plaintiff provided for entry of eleven dogs into the United States and the defendants' decision to deny entry[1] is appropriately made under the provisions of the APA. As such, the Court's review would be limited by the APA to the certified record. The Court's responsibility is to determine if the defendants acted in an arbitrary and capricious manner.[2] The plaintiff has objections

---

[1] See Doc No. 4-2, Page ID#40. The initial decision denying entry dated September 8, 2020 was two checked boxes on a form letter from defendant Clive Brown to plaintiff stating "**Documentation contains information that is inaccurate, unverifiable, or is missing information" and "Rabies vaccination certificate was not provided**", without any specifics to give notice to the plaintiff of the details of their objections. It should also be noted that nine of eleven certificates were originally provided to the CDC at the airport. However, during the confusion of trying to process eleven dogs, with a CDC officer who was not present or directly dealing with the plaintiff, two of the certificates were not turned over at that time. Upon returning home and realizing the mistake, plaintiff returned to the airport the next morning prior to any determination and delivered the "missing" certificates.

[2] With no articulable basis given for the initial denial (see footnote 1) plaintiff was afforded no means to effectively respond to or challenge the decision. The subsequent appeal process was thus illusory (not to mention limited to a 24-hour timeframe). Only upon the denial of the appeal did the CDC notify plaintiff of its suspicions regarding the certificates, which formed the basis of its original decision. This can hardly be considered meaningful notice or meaningful hearing at a meaningful time before an impartial arbiter.

3

to numerous documents defendants improperly included in the certified record which objections are not germane to the issues herein and will be raised at the appropriate time and manner.

42 C.F.R. § 71.51(a) provides clear direction that a valid rabies vaccination certificate is one "which was issued for a dog not less than 3 months of age at the time of vaccination and which:

> (1) Identifies a dog on the basis of breed, sex, age, color, markings, and other identifying information.
>
> (2) Specifies a date of rabies vaccination at least 30 days before the date of arrival of the dog at a U.S. port.
>
> (3) Specifies a date of expiration which is after the date of arrival of the dog at a U.S. port. If no date of expiration is specified, then the date of vaccination shall be no more than 12 months before the date of arrival at a U.S. port.
>
> (4) Bears the signature of a licensed veterinarian." *Id.*

It is also undisputed that the documents plaintiff provided facially meet all of the criteria enumerated above. While the regulation is clear as to what a rabies must contain, neither 42 C.F.R. § 71.51 nor any published rule, standard, regulation, guideline or procedure issued by the CDC addresses what procedure is to be followed (and thus what process is due plaintiff) when defendant Quarantine Officer Michel had only a gut feeling based on intuition (as opposed to any expertise in handwriting analysis or a factual basis), to question the facial validity of the documents, nor does 42 C. F. R. § 71.51 specifically authorize defendant Michel to engage in such inquiry.

The certified record the defendants filed with the Court, while certainly voluminous, does not contain nor set forth any procedure to be followed by Officer

Michel or her superiors. It also contains no actual evidence proving plaintiff's alleged noncompliance with the requirements of 42 C.F.R. § 71.51. Additionally, there is no evidence tending to prove plaintiff was given any kind of clear notice of a basis for the denial decision at a meaningful time in order for plaintiff to challenge the CDC's later disclosed suspicions and its decision. The CDC had the burden to present evidence to prove plaintiff's noncompliance with the statutory requirements and that it gave plaintiff notice of the basis of its denial with sufficient detail to allow plaintiff to respond in a meaningful manner. As there is no formal procedure, and the CDC offers no hearing at which the plaintiff can respond to the feelings and suspicions, the CDC was required to prove nothing.

Accordingly, in determining whether the agency's action was arbitrary and capricious, the Court has both a right and an obligation to inquire about what procedure was employed, to determine if it meets due process minimums. If the Court determines the agency action was arbitrary and capricious, the U.S. Attorney urges that the Court's only remedy is to remand the matter back to the CDC to be further addressed pursuant to the APA. This is an error. Because there is no procedure and no provision for notice, a hearing, an independent and impartial arbiter or any other due process constraints upon the CDC, the remedy urged by the U.S. Attorney is inadequate and incapable of remedying a finding that their action was arbitrary and capricious.

As there would still be no rules, regulations, standards or guidelines to follow, and presumably Officer Michel is not certified or trained as a handwriting expert nor has the ability to interpret documents drafted in the Russian language and executed under Russian law, when the matter is referred back Officer Michel will again rule the

5

documents are suspect and deny entry to plaintiff's dogs. This conduct raises serious questions that the defendants' amateur handwriting analysis and clear refusal to follow the dictates of 42 C.F.R. § 71.51(a) regarding valid vaccine certificates may constitute their acts ultra vires to their authority.

There is no reasonable or possible procedure by which to have Russian veterinarians involved in this matter. They are not subject to the subpoena power nor the jurisdiction of the CDC, and to suggest that plaintiff fly them here to authenticate their signatures, is unreasonable and impracticable under the circumstances. The plaintiff has produced and submitted facially valid vaccination certificates and other documentation in accordance with 42 C.F.R. § 71.51. Due process requires that the government raise more than a gut feeling or presumption that such documentation is suspect and therefore invalid, in order to shift the burden of proving their validity onto the plaintiff.

Were the Court to accept the defendants' position and return the matter to the CDC, Officer Michel will once again deny entry of plaintiff's dogs, based on no more actual evidence than she had when she rendered her original decision. Plaintiff will again petition the Court on virtually the same, if not identical, papers and arguments already before the Court. As nothing has changed, the Court would, in all probability, again rule the CDC's decision was arbitrary and capricious, and the U.S. Attorney would again insist the matter be remanded to the CDC. This process would continue ad infinitum, continuing to accrue kennel charges of $250.00 per day per dog ($2,500.00 in

total per day), until all of the dogs die.[3]. This proposed remedy is clearly inadequate and the Court need not and should not even consider it.

If the Court rules the CDC's decision is arbitrary and capricious and the remedy urged by the U.S. Attorney is inadequate, the Court is always within its right to take such steps as it deems necessary to fashion a proper remedy.

**The Due Process Challenge**

The CDC has clearly demonstrated the provisions and enforcement of due process is not in their area of expertise. See *Magassa v. Wolf*, No. C19-2036-RSM, *24 (W.D. Wash. Sep. 16, 2020) (citing *Mace v. Skinner*, 34 F.3d 854, 858 (9th Cir. 1994)) ("The Ninth Circuit in *Mace* reasoned that because plaintiff only challenged the procedures, not the merits, of the FAA's order, 'the administrative record . . . would have little relevance to Mace's constitutional challenges here." Consequently, the Ninth Circuit concluded that 'any examination of the constitutionality of the FAA's revocation power should logically take place in the district courts, as such an examination is neither peculiarly within the agency's 'special expertise' nor an integral part of its 'institutional competence.'" *Id*. at 859. Such is the case here…").

It is clear this Court's jurisdiction pursuant to 28 U.S.C. § 1331 to hear and determine constitutional issues of due process is separate and apart from claims where adjudication pursuant to the APA is required. *See Seeger v. U.S. Dep't of Def.*, Civil Action No. 17-639 (RMC), *12 (D.D.C. Mar. 30, 2018) ("Thus, while many APA claims are brought pursuant to a separate substantive statute, a court may alternatively have jurisdiction under Section 1331 over a claim under the APA, based on allegations that

---

[3] One dog has already died and another is in serious distress.

7

an agency action was arbitrary and capricious or that an agency took action without observing procedures required by law."); *see also Id.* (quoting *Trudeau v. FTC*, 456 F.3d 178, 185 (D.C. Cir. 2006) ("Section 1331 'is an appropriate source of jurisdiction' for a cause of action based on the APA itself, for a 'nonstatutory action, independent of the APA,' or for a constitutional claim.")

The lack of due process protections renders the process afforded the plaintiff unconstitutional, and the CDC can never provide the process constitutionally due under its existing procedures. Arguing the CDC should determine the due process issues is not only infeasible but disingenuous. "'A direct constitutional challenge is reviewed independent of the APA,' and '[a]s such the court is entitled to look beyond the administrative record' in regard to such a claim." *Bolton v. Pritzker*, No. C15-1607 MJP, *7-8 (W.D. Wash. Sep. 1, 2016) (quoting *Grill v. Quinn*, 2012 WL 174873, at *2 (E.D. Cal. Jan. 20, 2012) (citations omitted in *Bolton*); *see also Porter v. Califano*, 592 F.2d 770, 781 (5th Cir. 1979) (citing *Grill v. Quinn*, No. CIV S-10-0757 GEB GGH PS, *4 (E.D. Cal. Jan. 19, 2012) ("The amended complaint contains a claim for violation of procedural due process in addition to the APA claim. A direct constitutional challenge is reviewed independent of the APA."); *see also Grill v. Quinn*, No. CIV S-10-0757 GEB GGH PS, *4 (E.D. Cal. Jan. 19, 2012 (citing *Wolfe v. Barnhart*, 354 F. Supp.2d 1226, 1232 (N.D. Okla. 2004) (finding First Amendment claim was independent of APA and requires independent review of facts and law or de novo review).

**Standard of Scrutiny**

The proposed plaintiffs have a protected property interest in their dogs. Courts within the Second Circuit have ruled that a dog is protected property under the

8

Fourteenth Amendment. *See*, *e.g.*, *Harvey v. Morabito*, Civil No. 9:99-CV-1913 (HGM/GLS), 2003 U.S. Dist. LEXIS 10172, at *21 (N.D.N.Y. June 17, 2003) ("A dog is protected property."); *Mullaly v. People of the State of New York*, 86 N.Y. 365 (1881) ("[The] definition of personal property is certainly comprehensive enough to include dogs."). This interest is a fundamental right which invokes substantial due process interests.[4]

In *Kovacs v. Wray*, 363 F. Supp. 3d 721 (2019), the right of a citizen to travel was found to be a fundamental right invoking the constitutional protections of substantive due process providing "heightened protection against government interference with certain fundamental rights and liberty interests," which are held to a more exacting standard of strict scrutiny. citing *Washington v. Glucksberg*, 521 U.S. 702, 719, 117 S.Ct. 2258, 138 L.Ed.2d 772 (1997). *Kovacs* supra at 749. Because the defendants' actions impinge on the fundamental right to property, the Court's analysis of the plaintiff's claimed due process violations should be adjudicated on a strict scrutiny basis based upon the Supreme Court's reasoning in *Washington v. Glucksberg*, a task for which the CDC is particularly ill suited.

## CONCLUSION

For all of the foregoing reasons, plaintiff urges this Court pursuant to its jurisdiction under 28 U.S.C. § 1331, to hear the matter and fashion an appropriate remedy.

---

[4] See Plaintiffs Reply to Defendants' Opposition to Plaintiff's Order to Show Cause, Doc. No. 12, page 8, Page ID#224.

<table>
<tr><td>

/s/ Richard Rosenthal
RICHARD BRUCE ROSENTHAL
Federal Bar No. rb1834
545 East Jericho Turnpike
Huntington Station, NY 11746
Phone: 631-629-8111
Fax: 631-961-8789
Email: richard@thedoglawyer.com

</td><td>

Respectfully submitted,

/s/ Thompson Gould Page
THOMPSON GOULD PAGE
Federal Bar No. TP5549
Law Offices of Thompson
Gould Page, LLC
1 Linden Place, Suite 108
Hartford, CT 06106
Phone: 860-8995-6644
Fax: 860-895-6672
Email: thom@tpagelaw.com

Attorneys for Plaintiffs

</td></tr>
</table>

## CERTIFICATION

    This is to certify that on September 24, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System, which will send notification of such filing to the following:

                                                                          /s/ Thompson Gould Page
                                                                            Thompson Gould Page